**The Law Office of Ryan Lozar**
305 Broadway, 9th Floor
New York, NY 10007
(310) 867-1562

Re:     Wilson v. City of N.Y. and John/Jane Doe Police Officers, No. 16 Civ. 373 (FB) (RLM)

Dear Judge Mann:

I represent Plaintiff Brian Wilson, Jr. in the above-captioned civil rights action which alleges that John/Jane Doe Defendant Police Officers falsely arrested him (the District Attorney later declined to prosecute) and used excessive force upon him. Docket No. 1. Plaintiff, who filed the Complaint close in time to the January 28, 2016 expiration of the relevant limitations period, respectfully moves the Court for an Order to Show Cause directing Defendant City of New York's Corporation Counsel to show cause why Plaintiff's FRCP 26(a)(1)(A) motion to compel the City's disclosure of the Doe Officers' identities, shield numbers and services addresses (hereinafter "identity information") earlier than the usual timeline for initial disclosures should not be granted.

The Doe Officers' information is "uniquely accessible" to Corporation Counsel and Plaintiff cannot access the information without Corporation Counsel providing it. Byrd v. Abate, 964 F. Supp. 140, 144-45 (S.D.N.Y. 1997). In addition, Corporation Counsel has reasonable knowledge permitting them to locate the Doe identity information in records kept by the City in normal course of business. Plaintiff's Complaint provides Corporation Counsel with relevant information such as the arrest number (K13613517), the precinct (81st), the arrest date (January 28, 2013) and as much physically identifying information about the Doe Officers as Plaintiff can recollect. In addition, Plaintiff will serve Corporation Counsel with an unsealing authorization.

**Plaintiff Respectfully Requests The Court To Compel Defendants To Disclose The Officers' Identities, Shield Numbers And Services Addresses On Or Before January 28, 2016**

"Under [FRCP] 26(a)(1)(A), [a] John Doe's identity is a required initial disclosure which 'must be made at or within 14 days after the [FRCP] 26(f) conference unless a different time is set by stipulation or court order.'" Conklin v. Doe, No. 01 Civ. 987 (LLS), 2002 WL 227067, at *5 (S.D.N.Y. Feb. 13, 2002); see Fed. R. Civ. P. 26(a)(1)(A). Although Defendants will eventually have to disclose the John Doe Officers' identities in this case without Plaintiff "making a discovery request," Lodge v. United Homes, LLC, 787 F. Supp. 2d 247, 259-60 (E.D.N.Y. 2011), Plaintiff may move to compel a more short-set timeline, Fed. R. Civ. P. 26(a)(1)(A). One circumstance justifying such a modified schedule may occur when the statute of limitations on a plaintiff's claim will run sooner than the defendant's default disclosure deadline. See Conklin, 2002 WL 227067, at *5 (denying the plaintiff's motion as "premature" because the limitations period was not about to expire).

In Garvin v. City of Philadelphia, 354 F.3d 215, 220-22 n.6 (3d Cir. 2003), the Third Circuit discussed the use of a motion to compel in the context of a John Doe complaint and a fast-approaching statute of limitations deadline. In Garvin, the civil rights plaintiff filed a lawsuit against the John Doe officer defendants about a week before the expiration of the statute of limitations. Id. The civil rights plaintiff did not ask the trial court to order earlier identification of the John Doe defendants and she lost claims against the individual officers as a result, prompting the Third Circuit to state that the plaintiff should have "attempted to expedite the [identification of the John Does] by filing a motion to compel the City to provide its initial disclosures[.]" Id.

Similarly, in Byrd v. Abate, 964 F. Supp. 140, 146-47 (S.D.N.Y. 1997), the Court noted with favor that the civil rights plaintiff requested that Corporation Counsel provide an officer's identity "prior to the

end of the limitations period," and allowed the plaintiff to amend the complaint to add the officer's name and have it relate back to the John Doe complaint's original filing.  See Archibald v. City of Hartford, 274 F.R.D. 371, 378-79 (D. Conn. 2011) (stating that Byrd controlled on facts where a plaintiff attempted to gain discovery relating to a John Doe defendant's identity from the defendant prior to the running of the statute of limitations and denying the City of Hartford's motion to dismiss claims brought against officers newly named after the limitations period); see also Morales v. Cty. of Suffolk, 952 F. Supp.2d 433, (E.D.N.Y. 2013) (citing Garvin and granting the plaintiff's motion to amend the complaint to substitute an officer's name as a John Doe defendant beyond the amendment deadline because the plaintiff had not been able to ascertain the officer's identity any earlier); Covington v. Warden of C-95 Detention Ctr., 2004 WL 1753284, at *3 (E.D.N.Y. Jan. 21, 2004) (citing Garvin and stating that although it is permissible for a plaintiff "who is unaware of the names of putative defendants to name them as John Doe defendants" but that the plaintiff "must thereafter be diligent in ascertaining their names").

  Here, if Corporation Counsel were to successfully argue that it is not able to disclose the Doe Officers' identity information to Plaintiff by January 28, 2016, Plaintiff in the alternative respectfully requests an Order that Corporation Counsel disclose the Doe Officers' information within two weeks or some similar period shorter than the normal timeline for initial disclosures.  Plaintiff makes this alternative request so that Plaintiff may at a minimum add Doe Officers' true identities to the lawsuit's caption through pleading amendment within 90 days of the Complaint being filed in Court.[1]  See Byrd, 964 F. Supp. at 146-47.

**In The Alternative, Plaintiff Respectfully Requests That The Court Toll The Statute Of Limitations Pending Corporation Counsel's Disclosure Of The Doe Officers' Identity Information**

  In the alternative, Plaintiff moves the Court to toll the statute of limitations pending the City's disclosure of the Doe Officers' identity information.  This is because now that Corporation Counsel knows of Plaintiff's intent to sue the Doe Officers by their true names, constructive knowledge doctrine

---

[1] Insofar as the City requests an extension of its time to answer or otherwise respond to a civil rights complaint as a matter of course, if the Court were to deny Plaintiff's motion to compel while the City continues to enjoy its prolonged answer period, this would work an "arguable inequity in shortening the statute of limitations for a plaintiff who does not know her assailant's name."  Garvin, 354 F.3d at 220-22 n.6.  After all,

> [a] person who was subjected to excessive force by police officers might not have seen the officers' name tags, and hence would likely need discovery to determine the names of his attackers . . . . If this person were prevented from having his complaint relate back when he sought to replace a "John Doe" . . . in his complaint with the real names of his assailants, then he would have to file his complaint substantially before the running of the statute of limitations on his claim in order to avoid having his claim end up being barred.  This would render the [Section] 1983 statute of limitations much shorter for this person than it would be for another complainant who knows his assailants' names.

Singletary v. Penn. Dep't of Corrs., 266 F.3d 186, 190 (3d Cir. 2001).
  Here, as in Singletary, Plaintiff alleges excessive force.  Plaintiff also alleges false arrest which terminated in a decline-to-prosecute decision.  As a result, Plaintiff lacks paperwork to review for the John Doe's identities that other civil rights plaintiffs might have more readily available—a criminal complaint, for example, or discovery collected by the plaintiff's criminal defense attorney.

holds that Doe Officers have notice and knowledge of that same fact themselves due to their unity of interest with Corporation Counsel.  See Archibald, 274 F.R.D. at 380; Byrd, 964 F. Supp. at 144-45 (permitting the plaintiff's addition of officers' names to a John Doe complaint after the limitations period because the plaintiff demonstrated that the City was told "that the officer[s] on duty during the incident would be [defendants] in the suit" and "[the officers'] identit[ies were] information uniquely accessible to Corporation Counsel").  In the event that Corporation Counsel would argue that constructive knowledge doctrine does not apply to toll the statute of limitations here because the City has "not yet decided" whether it will represent the Doe Officers, courts have in the past rejected that argument.  See, e.g., Velez v. Koehler, No. 87 Civ. 2019 (KMW), 1991 WL 130913, at *2 (S.D.N.Y. July 8, 1991) (rejecting a newly named defendant's argument that because the City could have decided not to represent him the constructive notice doctrine did not apply); Hodge v. Ruperto, 739 F. Supp. 873, 881 (S.D.N.Y. 1990) (finding that newly named officer defendants had constructive notice that they would be added because the City attorney knew that the newly named officer defendants would be added).

**Plaintiff Has Attempted And Continues To Attempt To Identify The Officers' Identities, Shield Numbers And Service Addresses Through Other Means**

Finally, Plaintiff would like to note that prior to making this motion, he attempted to learn one or more of the John Doe Defendant's identities and other information by visiting the Kings County Criminal Court Clerk's Office and requesting the file relating to his arrest.  In light of the prosecutor's decision not to file charges against Plaintiff based on allegations arising from the false arrest, Plaintiff was only able to obtain a single sheet of paper labeled "Undocketed Arrest Status Request."  That sheet of paper displayed limited information, nothing more than Plaintiff's name, birth date and his arrest number.  Using that arrest number, which was the only new information Plaintiff learned from the "Undocketed Arrest Status Report," Plaintiff has this month submitted a Freedom of Information Law (FOIL) request to the New York City Police Department's Legal Bureau FOIL Unit seeking his arrest report.  It is unclear when Plaintiff might receive a response to that FOIL request but, in any event, it stands to reason that Corporation Counsel's disclosure of the information in discovery would be more expeditious and, more importantly, complete.  Plaintiff also continues to learn Doe Officers' identities, shield numbers and service addresses through other means even as he brings this motion.

**Conclusion And Relief Requested**

In light of the foregoing, Plaintiff respectfully moves the Court for an Order to Show Cause directing Defendant City of New York's Corporation Counsel to show cause why Plaintiff's FRCP 26(a)(1)(A) motion to compel the City's early disclosure of the John/Jane Doe Defendant NYPD Officers' identities, shield numbers and services addresses should not be granted.

    Sincerely,

    Ryan Lozar
    305 Broadway, 9th Floor
    New York, NY 10007
    (310) 867-1562

cc:     City of New York Office of Corporation Counsel, Special Federal Litigation Unit (hand delivery)