

| | THE CITY OF NEW YORK | |
|---|---|---|
| ZACHARY W. CARTER<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | SHIRA SISKIND<br>*Assistant Corporation Counsel*<br>Tel.: (212) 356-2414<br>Fax: (212) 356-3509<br>ssiskind@law.nyc.gov |

May 6, 2016

**BY ECF**
Honorable Frederic Block
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:   Brian Wilson v. City of New York, et al.
                16 CV 373 (FB) (RLM)

Your Honor:

        I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney assigned to the defense of the above-referenced matter. For the reasons set forth herein, defendant, The City of New York,[1] intends to move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the first amended complaint in this action on the grounds that plaintiff's claims relating to the January 17 arrest are time-barred. In accordance with Your Honor's Individual Rules, defendant City respectfully requests that a pre-motion conference be scheduled in this matter on a date and time that is convenient to the Court.

        The amended complaint alleges, *inter alia*, that plaintiff was falsely arrested and subjected to excessive force on January 17, 2013. Amended Complaint ("AC"), ¶¶ 13-25. Plaintiff was released from custody on January 18, 2013 when the District Attorney's Office declined to prosecute. AC, ¶ 30. The complaint in this action was filed on January 24, 2016,

---

[1] Upon information and belief, and a review of the Docket Sheet in this matter, none of the individually named defendants have been served, and thus, are not currently parties to this action.

Dkt. No. 1; after the statute of limitations had expired, and as such plaintiff's complaint must be dismissed as untimely.

New York's three-year statute of limitations for unspecified personal injury actions applies to claims under section 1983. See Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002). Although the limitations period is governed by state law, federal law governs the question of when a § 1983 claim accrues. M.D. v. Southington Bd. Of Educ., 334 F.3d 217, 221 (2d Cir. 2003). As a matter of federal law, the limitations period begins to run in a § 1983 case "when the plaintiff knows or has reason to know of the injury which is the basis for his action." Ormiston v. Nelson, 117 F.3d 69, 71 (2d Cir. 1997) (quoting Singleton v. City of New York, 632 F.2d 185, 191 (2d Cir. 1980). For excessive force that is when the force was used and for false arrest that is when plaintiff was released from custody. See Jennings v. Municipality of Suffolk Cty., No. 11-CV-911, 2013 U.S. Dist. LEXIS 19529, at *14 (E.D.N.Y. Feb. 13, 2013) ("In the context of an excessive force claim, the clock starts running when the use of force occurred." (internal quotation marks omitted)); Wallace v. Kato, 549 U.S. 384, 389-90 (2007) ("Limitations begin to run against an action for false imprisonment when the alleged false imprisonment ends."). Accordingly, the three year statute of limitations for bringing this action arising out of the January 17, 2013 use of force expired on January 17, 2016, and the limitations period for bringing the false arrest claim expired on January 18, 2016, seven and six days respectively before this action was filed. As such, plaintiff's complaint must be dismissed as untimely.

Plaintiff claims defendants should be equitably estopped from asserting the statute of limitations. Under New York State law, "equitable estoppel may be invoked to defeat a statute of limitations defense when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action." Horn v. Politopoulos, 628 Fed. Appx. 33, 34 (2d Cir. 2015) (internal quotation marks and citations omitted). Moreover, "[t]o merit equitable estoppel, a plaintiff must allege either active fraudulent concealment or a fiduciary relationship giving rise to the defendant's obligation to inform the plaintiff of the facts underlying the claim. Id. at 34-35 (internal citation omitted). Further, equitable estoppel is not available unless the plaintiff exercised due diligence in bringing an action. "[T]he burden is on the plaintiff to establish that the action was brought within a reasonable time after the facts giving rise to the estoppel have ceased to be operational." Simcuski v. Saeli, 44 N.Y.2d 442, 450, 406 N.Y.S.2d 259 (1978) (emphasis added); see Abbas v. Dixon, 480 F.3d 636, 642 (2d Cir. 2007); Putter v. N. Shore Univ. Hosp., 7 N.Y.3d 548, 553, 825 N.Y.S.2d 435 (2006). Whether a plaintiff acted with due diligence in bringing his action within a reasonable time depends on all the relevant circumstances. Simcuski, 44 N.Y.2d at 450-51. The legislatively prescribed period of limitations is the "outside limit on what will be regarded as due diligence." Id.

Applying these standards, plaintiff's claim of equitable estoppel is without merit. Plaintiff does not allege in his complaint any active fraudulent concealment. Rather, plaintiff claims that he was provided with incorrect information regarding his arrest date by the clerk of the Kings County Criminal Court Records Office. AC, ¶¶ 40-49. But any actions taken by the clerk of the Kings County Criminal Court would not create liability on the part of any of the named defendants as the Kings County Criminal Court is a state, not a City agency. Further, neither the City nor the individual defendants actively concealed the fact of the use of force, plaintiff's arrest or his release from him. In fact, this would not be possible because he was there when his arrest occurred. Accordingly, because plaintiff failed to file his complaint within the

applicable three year statute of limitations, and because equitable estoppel does not apply, the complaint must be dismissed in its entirety. Further, plaintiff cannot show that he acted with due diligence, but rather, he waited until the final months before the statute of limitations expired before he went to the court clerk to locate his arrest date, and never made any prior requests for the arrest paperwork for any arrest.

        For the reasons set forth above, the City respectfully requests that the Court schedule a pre-motion conference on a date and time convenient for the Court.

Respectfully submitted,

Shira Siskind
Assistant Corporation Counsel
Special Federal Litigation Division

cc:    <u>By ECF</u>
       Ryan Lozar, Esq.
       *Attorney for Plaintiff*